J4C7BERC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

DAVID BERGEN and GLEN COHEN,
et al.,

                    Plaintiffs,

          v.                              19 Civ. 319 (RA)

MARKEL CORPORATION, et al.,

                    Defendants.

------------------------------x
                                        New York, N.Y.
                                        April 12, 2019
                                        3:30 p.m.

Before:

                        HON. RONNIE ABRAMS

                                        District Judge

                            APPEARANCES

LEVIN & KORSINSKY LLP
     Attorneys for Movant Christopher Miles
BY:  CHRISTOPHER KUPKA

ROBBINS GELLER RUDMAN & DOWD LLP
     Attorneys for Plaintiff Cohen
BY:  LINDSAY LA MARCA

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
     Attorneys for Defendant Markel
BY:  SCOTT MUSOFF
     DONNA FARAG

ELISABETH EDWARDS
     Attorney for Markel

J4C7BERC

(In open court)

(Case called)

MR. KUPKA:  Good afternoon, your Honor.  Christopher Kupka of Levy & Korsinsky on behalf of movant Christopher Miles.

MS. LA MARCA:  Good afternoon.  Lindsay La Marca from Robbins Geller Rudman & Dowd, on behalf of plaintiff Cohen.

MR. MUSOFF:  Good afternoon, Judge Abrams.  Scott Musoff from Skadden Arps for the defendants.  And with the Court's permission, along with me is my colleague Donna Farag, who is not yet admitted in the Southern District.  And from Markel, special counsel to Markel, Elisabeth Edwards.

THE COURT:  Good afternoon, all.  So we're here to discuss the motion of Christopher Miles for consolidation of two related class actions, Bergen v. Markel Corp. and Cohen v. Markel Corp., and for appointment of lead plaintiff and class counsel.

I will note that a third related action, Wellington v. Markel Corp., was filed in March but was voluntarily dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  I will also note that a competing motion for appointment of lead counsel was filed by Mark Smith, David Bergen, Scott Simon and Merle Klebanoff, but that motion has been withdrawn.

So, my understanding is that at this time Christopher

J4C7BERC

Miles' motion is unopposed.  Is that right, everybody?

MS. LA MARCA:  That's correct.

MR. KUPKA:  Yes, your Honor.

THE COURT:  So, I will start with the motion to consolidate the Bergen and Cohen actions, which I will grant.

Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions before the court involving a common question of law or fact.  Consolidation is appropriate here. Each action alleges violations of the same federal securities laws against the same defendants for substantially the same representations during the same class period.  See Janbay v. Canadian Solar, 272 F.R.D. 112.  Accordingly, the motions to consolidate the two actions are granted.

I'll next turn to the motion for appointment of lead counsel and class counsel.  The PSLRA requires the Court to appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be the most capable of adequately representing the interests of class members.  15 U.S.C. 78u-4(a)(3)(B).  The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. 78u4(a)(3)(B)(iii).

Here, Miles has presented evidence indicating that he

J4C7BERC

has lost $28,448, and no other member of the class has filed a motion indicating a larger financial interest in the litigation.

In addition, Miles has made a preliminary showing satisfying the requirements of Rule 23 because his claims appear to be typical of the class and there are no apparent conflicts between him and the other members of the class. I will also note that his motion for appointment of lead plaintiff was timely. Accordingly, Miles' motion for appointment of lead plaintiff in the consolidated actions is granted.

Miles also seeks approval of his selection of Levi & Korsinsky as lead counsel. The Court has reviewed the firm's résumé and concludes that the firm is qualified. Accordingly, Levi & Korsinsky is appointed lead counsel.

What is Miles' proposed next steps? Do you intend to file an amended complaint?

MR. KUPKA: Yes, we intend to file an amended complaint. I have conferred with Mr. Musoff, and we have some agreed-upon dates for the Court's consideration.

THE COURT: Do you want to note those for the record?

MR. KUPKA: Yes. We have proposed and agreed to -- if it's acceptable to the Court -- filing the amended complaint on June 7, with defendants to answer, move or otherwise respond to the complaint on August 2. In the event the defendants file a

J4C7BERC

motion to dismiss, we propose to file opposition on September 27, and defendants have proposed to reply to our opposition on October 28.

THE COURT:  That schedule is fine, so it's accepted by the Court.

MR. KUPKA:  Thank you, your Honor.

THE COURT:  All right.  So, I will sign the proposed order appointing Christopher Miles lead plaintiff, approving his selection of counsel and consolidating these cases.  This will be filed on the docket later today.

Are there any other issues we need to discuss today?

MR. MUSOFF:  Your Honor, just one point.  If the Court is inclined to sign the proposed order that was submitted by plaintiff Miles, there was a document preservation provision in there, and there are courts within the Southern District that have held and noted that it's unnecessary in light of your existing obligations, as well as the PSLRA explicitly obligates it, and to have a court order that's on top of the statute, and our ordinary obligation thinks it's not necessary and could create confusion.  I don't know if you were inclined to sign that order.  I think you stated on the record.  I don't know if there needs to be an additional order.

THE COURT:  I don't know if I need to, but if that's an issue and plaintiff's counsel doesn't oppose that request, you can also submit a revised order for me.  OK?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

J4C7BERC

MR. KUPKA:  We take no position.

THE COURT:  OK.  So would you mind, why don't you submit a revised order to me.

MR. MUSOFF:  We will do that.

THE COURT:  And I will sign that then.  If there is nothing else, have a good weekend.

MR. MUSOFF:  Thank you very much.

MR. KUPKA:  Thank you as well.

(Adjourned)